```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

DARLENE ANDERSON,                )
                                 )
        Plaintiff,               )
                                 )
vs.                              )     No. 13-2474-JDT-dkv
                                 )
MEMPHIS POLICE DEPARTMENT,       )
CITY OF MEMPHIS, and             )
SANDRA MARSHALL,                 )
                                 )
        Defendants.              )
_____

   REPORT AND RECOMMENDATION FOR DISMISSAL FOR FAILURE TO PROSECUTE
_____

On June 27, 2013, Plaintiff Darlene H. Anderson, a resident of Memphis, Tennessee, filed a *pro se* complaint for violation of civil rights under 42 U.S.C. § 1983. (D.E. 1.) Anderson paid the civil filing fee. (D.E. 2.)

The Clerk gave Anderson a courtesy letter on summons referring Anderson to Rule 4(c) and (m) of the Federal Rules of Civil Procedure on June 27, 2013, when she commenced this action. Anderson has not complied with service of summons requirements, and the time for service has expired. The burden is on the plaintiff to prosecute her case.

On October 30, 2013, an Order to Show Cause was entered ordering Anderson to show cause on or before November 13, 2013, why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Anderson was warned that failure to respond to the show cause order may result in dismissal of this lawsuit for failure to prosecute.

Anderson failed to respond to the show cause order as to why the matter should not be dismissed.

Accordingly, it is recommended that this case be dismissed with prejudice pursuant to Rule 41(b) for the Federal Rules of Civil Procedure for failure to prosecute.

Respectfully submitted this 19th day of November, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.