IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DARLENE H. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2474-JDT-dkv |
| | ) | |
| MEMPHIS POLICE DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL WITHOUT PREJUDICE
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 27, 2013, Plaintiff Darlene H. Anderson, a resident of Memphis, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 and paid the $400 filing fee. (Docket Entries 1 & 2.) As a courtesy, Plaintiff was provided with a notice advising that service of process is governed by Federal Rule of Civil Procedure 4 and that the appropriate forms may be found on the Court's website or obtained at the Clerk's Offices in either Memphis or Jackson. The notice further advised that if summonses were properly completed and presented to the Clerk, they would be issued and returned to Plaintiff for service; a sample summons was provided.

On October 30, 2013, U.S. Magistrate Judge Diane K. Vescovo[1] issued an order noting that the Defendants had not been served with process and that the 120-day time limit for service set forth in Fed. R. Civ. P. 4(m) had expired. Plaintiff was directed to show cause, within fourteen days, why the case should not be dismissed. (D.E. 4.) Plaintiff was warned that if she failed to respond, dismissal of the action would be recommended. (Id. at 2.) Plaintiff did not respond to the show cause order; therefore, on November 19, 2013, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed. (D.E. 5.) Objections to the R&R were due on or before December 6, 2013. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). However, Plaintiff has filed no objections.

The Court agrees with the Magistrate Judge's recommendation and ADOPTS the R&R. This case is hereby DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b) for failure to serve process and failure to prosecute.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss this case failure to serve process and failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                             s/ **James D. Todd**
                             JAMES D. TODD
                             UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.